IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 5:04-cr-00057-MCR-AK

KIMBERLY M. SKIDMORE,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 44, Amended Motion to Vacate under 28 U.S.C.

§ 2255, by Kimberly M Skidmore.  The Government has filed a response, Doc. 46, and the time

for filing a reply has passed without further argument from Defendant.  This cause is therefore in

a posture for decision.  Having carefully considered the matter, the Court recommends that the

motion to vacate be denied.

Defendant Kimberly M. Skidmore was charged with multiple counts of theft of mail

matter, possession of stolen mail, and fraud in connection with counterfeit access devices.  Doc.

1.  She later pled guilty to one count on each type of charge, Counts Six, Eight, and Twenty-four.

Docs. 14-16.  As part of her plea, Defendant acknowledged to the Court that by pleading guilty,

she waived "any and all defenses that you might otherwise have to these charges."  Doc. 30 at 7.

Upon further questioning, Defendant advised the Court that she had discussed this and her other

rights with her attorney, Kafahni Nkrumah, and that she understood that she would "be waiving

these rights by going forward[.]"  *Id*. at 8.  Defendant also indicated her understanding of the

potential penalties she faced–five years each on Counts Six and Eight and ten years on Count

Twenty-four.  *Id*. at 11.  Defendant further acknowledged that the Sentencing Guidelines applied

to her case and that under some circumstances, the Court could "impose a sentence that is more harsh than you anticipated" or "more lenient...than you anticipated." *Id*. at 12 & 15-16. Defendant also stated her satisfaction with Mr. Nkrumah's services. *Id*. at 23-24.

Thereafter, Defendant appeared for sentencing. After affording counsel and Defendant opportunities to speak, the Court found:

> This is not a case which calls for leniency, quite frankly.
>
> Mr. Nkrumah, I might agree with you as far as my consideration of the drug addition causing the criminal behavior, if this incident or incidents was an aberration. However...I don't think there is any dispute [that] the behavior in this case...is completely consistent with the pattern of criminal behavior on Ms. Skidmore's part for...about 14 years....I think [her criminal history points are] the highest I've ever seen....[Y]ou can argue about no physical harm to anyone, but that argument falls on deaf ears....There are a trail of victims left in Ms. Skidmore's path from her criminal conduct over the past 14 years.
>
> [T]he number of [criminal history] points and the number of prior offenses is not as important to me as the type and nature of those prior offenses, and that they are completely consistent with a pattern of criminal history involving fraud, deceit, and theft of other people, of victims, and there is a consistent pattern of identity theft which is a particularly serious species of fraud....
>
> Ms. Skidmore has been given numerous chances in the past...but she has demonstrated on many occasions that she...will not...live a law abiding life. There is no doubt in my mind that if I impose a sentence within this guideline range that Ms. Skidmore will continue to commit these crimes of theft.
>
> I have considered all of the factors in [18 U.S.C. §] 3553(a). I've certainly considered the guidelines as well. I find that the criminal history category in this case underrepresents the seriousness of Ms. Skidmore's criminal history. I also find that a sentence within the guideline range would not meet...the need to afford adequate deterrence, criminal conduct and to protect the public from further crimes of the defendant. And so while I've considered the guidelines, I find them inadequate in this case for purposes of sentencing.

Doc. 31 at 12-14. The Court concluded:

> Pursuant to the Sentencing Reform Act of 1984 with the exception of the two sections that have been excised by the Booker decision, it is the judgment of the

> Court that the defendant...is hereby committed to the custody of the Bureau of
> Prisons to be imprisoned for a term of 60 months, as to each of Counts 6, 8 and
> 24, each count to run concurrently with one another.

*Id*. at 15-16.  Counsel objected to the "length of the sentence as unreasonable."  *Id*. at 19.

On appeal, Defendant argued that her sentences were unreasonable and that the

retroactive application of *Booker*, "resulting in a sentence above the Guideline range under the

mandatory system in effect when she committed her crimes," violated her due process rights.

Doc. 38 at 2.  The Eleventh Circuit first found there was nothing unreasonable about the

sentences imposed.  *Id*. at 2-3.  It then reviewed her due process argument for plain error since

she did not object to it on those grounds at sentencing, *id*. at 3, concluding:

> At the time Skidmore committed the crimes, fraud in connection with counterfeit
> access device...carried a maximum [statutory] penalty of ten years'
> imprisonment....Principal of theft to mail matter and principal to possession to
> stolen mail matter...each carried maximum [statutory] penalties of five
> years....The Guidelines in effect at that time also provided grounds for upward
> departures.  Accordingly, at the time she committed the crimes, Skidmore had
> ample warning that she could receive a 60-month sentence for any of these three
> crimes.

*Id*. at 4.

Defendant then filed a motion to vacate.  Doc. 39.  Because Defendant did not "fully

flesh[ ] out" her claims of ineffectiveness, the Court directed her to file an amended motion to

advise the Court "what 'certain matters' she wanted her attorney to 'bring up'" and to explain

how counsel's alleged failure to "'read over her criminal history' until the day of sentencing"

was deficient and prejudicial.  Doc. 41.

The instant amended motion to vacate ensued.  Doc. 44.  On this occasion, Defendant

argues that Mr. Nkrumah rendered ineffective assistance by failing to "allow my state of 'duress'

by Martin G. Lake."  According to Defendant, she was "under duress, coercion, at the time these

crimes began and continued." Doc. 44, Part 3 at 1.[1]  Furthermore, she was "kidnapped, stalked,

threatened, beaten, held at gunpoint & knife, threatened of not only my life but that of my child

and family."  *Id*.  Defendant also complains that she is being held accountable for "the duress

and coercion from Martin Lake's sick control and drug addiction.  Praying off of my home,

banking accounts, manipulating my thoughts of safety for my child and myself and family.  To

taking me by force against my will on several occasions."  *Id*. at 2.  She maintains that when she

"repeatedly pleaded with him to bring up" these matters, she "was told I could get more

charges."  Doc. 44, Part 1 at 3.  Defendant further alleges that counsel "failed to familiarize

himself with my case--criminal history–violating 6th Amend."  *Id*.

Finally, she maintains that her sentence violates due process.  *Id*.

The Court begins with this final argument which was specifically considered and rejected

on appeal.  It will not be reconsidered here.  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th

Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001).

The Court turns then to Defendant's ineffective assistance of counsel claims.  A review

of  *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must

demonstrate (1) that his counsel's performance was below an objective and reasonable

professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at

686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either

the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of

---

[1]In the file containing the original documents filed by Defendant which was prepared by
the Clerk for the undersigned's consideration, the pages are in a different order than they appear
in electronic form.  The Court has marked those relevant pages as 7 and 8.

counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*. Quite importantly,

If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id.*

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id.* Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

In a letter sent to the Government, counsel reiterated "what I advised [Defendant]" regarding "Mr. Lake and [Defendant's] alleged claims of duress." Doc. 46, Part 2. According to counsel, he "took her information, because it was a possible defense," but after reviewing the law, he determined that Defendant could not prevail on a duress defense because (1) the threat from Mr. Lake was not "immediate," (2) though "she may have had a well founded fear of Mr.

Lake," she had an opportunity to advise authorities about the threats, and (3) there was no evidence that her daughter was in danger. *Id.* After advising Defendant "of these facts, and weighing the evidence against her, we determined that it would be in her best interest to plead guilty to the counts that she pled to and attempt to cooperate with the government." *Id.*

Counsel candidly acknowledges that Defendant told him about Martin Lake and his alleged actions against her. According to him, however, his investigation did not support a duress defense in critical areas, all of which had to be proved to mount a viable defense. Though Defendant was afforded the opportunity to dispute counsel's representations, Doc. 45, she has not countered his assertions that they discussed the matter, and that she made an informed decision in line with his recommendation. When Defendant pled guilty, she waived any defenses she may have had to the charges against her. She does not allege that her plea was entered either involuntarily, unknowingly, or unintelligently, and in the face of counsel's letter, the Court has no hesitation in finding that Mr. Nkrumah acted in an objectively reasonable manner in counseling her as he did.

As to her second claim of ineffectiveness, it is vague and unsupported by any facts despite the Court's instructions to Defendant to amend the claim to "explain, how, even assuming her attorney failed to 'read over her criminal history' until the day of sentencing, this was deficient performance and how she was prejudiced thereby." Furthermore, the transcript of the sentencing hearing makes it clear that counsel's familiarity with Defendant's prior criminal history shaped his argument for leniency, thereby undercutting her argument entirely.

In this Court's view, counsel was not ineffective in his representation of Defendant, and her due process claim, which was rejected by the Eleventh Circuit on the merits, does not bear

revisiting.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's amended motion to vacate, Doc. 44, be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this __7th__ day of August, 2007.

*s/ A. KORNBLUM* _____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**